IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE ANDERSON, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELEX INSURANCE SERVICES, INC. and TRANSAMERICA CASUALTY INSURANCE COMPANY,<br><br>Defendants. | 8:18-CV-362<br><br>MEMORANDUM AND ORDER |

The plaintiff alleges a class action claim for damages regarding the defendants' refusal to return the pro rata share of her travel insurance premium that can be attributed to post-departure risks. The defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the plaintiff failed to state a claim for relief. For the reasons that follow, the Court will deny the defendants' motion.

I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Id.* at 679.

In assessing a motion to dismiss, a court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See id.* at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

A motion to dismiss under Rule 12(b)(6) tests only the sufficiency of the allegations in the complaint, not the sufficiency of the evidence alleged in support of those allegations. *Stamm v. Cty. of Cheyenne, Neb.*, 326 F. Supp. 3d 832, 847 (D. Neb. 2018); *Harrington v. Hall Cty. Bd. of Supervisors*, No. 4:15-CV-3052, 2016 WL 1274534, at *4 (D. Neb. Mar. 31, 2016).

## II. BACKGROUND

On September 21, 2015, the plaintiff purchased a round-trip ticket to fly from Phoenix, Arizona to London, England, with departure set for November 5, and return on November 15. Filing 1 at 8. That same day, the plaintiff also purchased a Travelex Custom Wholesale travel insurance policy. *Id*. The policy

contained both pre-departure and post-departure coverages. The insurance certificate specified when the various coverages would become effective.

> All coverages (except Pre-Departure Trip Cancellation and Post-Departure Trip Interruption) will take effect on the later of 1) the date the plan payment has been received by the Policyholder; 2) the date and time you start your Covered Trip; or 3) 12:01 A.M. Standard Time on the Scheduled Departure Date of your Covered Trip.

Filing 28-4 at 5.[1] The insurance certificate also provided that pre-departure trip cancellation coverage was effective on the day after plan payment was received, and post-departure trip interruption coverage became effective on the scheduled departure date. *Id*.

The plaintiff alleged that approximately 24 hours prior to her scheduled departure, it was necessary to cancel her trip due to family circumstances. Filing 1 at 9. On November 29, the plaintiff submitted a claim for the loss she

---

[1] When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). The defendants submitted four exhibits in support of their motion. Part of exhibit 4 was an insurance certificate (filing 28-4 at 5-26) that was also specifically referenced in (but not attached to) the plaintiff's complaint. Filing 1 at 8. In determining the defendants' motion, the Court has considered the insurance certificate, but not any of the other evidence submitted by either party.

3

suffered as a consequence of her pre-departure trip cancellation. Defendant Transamerica denied the plaintiff's claim on December 9 stating that the reasons for the plaintiff's cancellation were not covered under the policy. *Id*. Nearly a year later, on November 10, 2016, the plaintiff sent a letter to the defendants demanding the return of the premium she paid for post-departure travel insurance coverage. The defendants denied the plaintiff's demand on November 24.

On July 30, 2018, a class action complaint was filed naming the plaintiff as the representative of a class reasonably estimated to be at least in the thousands. Filing 1 at 10. The plaintiff's complaint seeks recovery of a pro rata share of the policy premium attributable to post-departure coverages. The defendants moved for dismissal of the plaintiff's complaint on two grounds. First, the defendants assert that the plaintiff's unjust enrichment claim is contrary to Arizona law. Second, the defendants argue that its conduct is not actionable as a violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602.

## III. DISCUSSION

### 1. THE TRAVEL INSURANCE CONTRACT AND UNJUST ENRICHMENT

The plaintiff's complaint alleges that the defendants' travel insurance coverage distinguishes between pre-departure and post-departure risks, and specifically provides that post-departure risks are not assumed, and therefore do not attach, until the time that the insured actually departs on their covered travel. Filing 1 at 8. The plaintiff argues that when travel is canceled for whatever reason prior to commencement of the covered trip, the defendants are never placed in a position of risk that the insured post-departure perils will arise. As such, it is "unjust and inequitable" for the defendants to retain that portion of the premium attributable to post-departure risks. Filing 1 at 14. The

4

plaintiff labels the defendants' post-departure coverage as illusory when the covered travel, in fact, never takes place. *Id.*

Regarding the plaintiff's unjust enrichment claim, the defendants' motion and opening brief argue that the insuring contract expressly addresses the subject of refunds, and that pursuant to Arizona law, a claim for unjust enrichment is not available when the parties' relationship is controlled by contract. Filing 26 at 2; filing 27 at 10-11. However, in their reply brief, the defendants specifically respond to the plaintiff's argument in her brief opposing dismissal, and assert that their travel insurance plan is a single insurance policy paid with a single, undivided premium, which provides benefits from the date the insured pays the premium until the insured travel is concluded. Filing 40 at 7.

If an insurer assumes no risk in a contract for insurance, then the insurer has suffered no bargained for detriment, and in the absence of that consideration the insured's premium must be returned. *See, Kansas City College of Osteopathic Medicine v. Employers' Surplus Lines Ins. Co.*, 581 F.2d 299, 301-02 (1st Cir. 1978); *Young America, Inc. v. Union Cent. Life Ins. Co.*, 101 F.3d 546, 548 (8th Cir. 1996). But, absent an agreement in fact or one implied in law, an insured is not entitled to a premium refund once the insurance risk has attached, even if it turns out part of the premium was unearned. *Euclid Nat'l. Bank v. Fed. Home Loan Bank*, 396 F.2d 950, 951 (6th Cir. 1968); *Fleetwood Acres v. Fed. Housing Admin.*, 171 F. 2d 440, 442 (2nd Cir. 1948).

At this stage, where the plausibility of the plaintiff's complaint is examined with deference to the plaintiff's well-pled facts, the Court cannot conclude, as a matter of law, that the defendants' risk regarding post-departure perils attached when the coverage was initially purchased. The

insurance certificate designates pre-departure and post-departure coverages as discrete risk categories that do not take effect contemporaneously. Pre-departure coverage is effective upon receipt of payment, but post-departure coverage is not, in all cases, effective upon receipt of payment. It is therefore reasonable to infer that the defendants did not agree to assume post-departure risks until the post-departure coverages took effect, which, according to the insurance certificate, would ordinarily be the date and time the covered trip actually begins. See, filing 28-4 at 5.

In support of their argument that a premium refund was specifically addressed in the policy, the defendants point to a policy provision that allows an insured to return the insurance certificate within ten days after receipt if they are not satisfied with their purchase. Filing 27 at 2. The defendants argue that this provision controls the plaintiff's right to a premium refund, and the policy does not contemplate a partial refund of premium upon trip cancelation. Filing 27 at 10. The Court disagrees that consumer dissatisfaction is the only basis for a premium refund. A consumer's satisfaction with their travel insurance purchase does not obviate the prohibition of illusory coverage in an insurance policy. *See In re SRC Holding Corp.*, 545 F.3d 661, 670-71 (8th Cir. 2008); *Anderson v. Country Life Ins. Co.*, 886 P.2d 1381, 1386 (Ariz. Ct. App. 1994).[2]

That is not to say that the defendants' post-departure coverage is illusory.[3] But at this stage of the proceedings, where the plausible inferences from well-pled facts inure to the pleader, the Court cannot conclude as a matter

---

[2] The Court will assume without deciding that Arizona law applies in this matter.

[3] At this stage, the Court is required to assume the truth of the plaintiff's factual allegations even if it strikes the Court that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556.

of law when, if ever, the defendants' post-departure risk of loss attached. If the defendants' promise of coverage for post-departure risks was conditional on the plaintiff's actual departure, then the plaintiff received only the false appearance of insurance coverage. *See* Restatement (Second) of Contracts § 76 (Am. Law. Inst. 1981). But that is a matter that can only be sorted out after the defendants have answered the complaint and the parties have had a reasonable opportunity for discovery. Accordingly, the Court will deny the defendants' motion to dismiss on this claim.

2. NEBRASKA CONSUMER PROTECTION ACT.

The defendants argue the plaintiff's allegations concern nothing more than a simple contract dispute that does not implicate unfair or deceptive conduct—and that in any event, the plaintiff, an Arizona resident, has not alleged conduct substantially affecting Nebraska citizens. Filing 26 at 2-3. The Nebraska Consumer Protection Act, in pertinent part, provides that "unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. § 59-1602. Further, the unfair or deceptive acts complained of must have an impact on the public interest by either "directly or indirectly affecting the people of the State of Nebraska." § 59-1601(2). *See Tecumseh Poultry LLC v. Perdue Holdings, Inc.*, 4:12-CV-3032, 2012 WL 3018255, at \*9 (D. Neb. July 24, 2012).

The plaintiff alleges that the defendants are collecting premiums for illusory insurance coverage. If proven true, the defendants' conduct would be exactly the kind of unfair or deceptive acts or practices proscribed by the NCPA. Insurance and insurance products are highly regulated by the state. An insurer based in Nebraska, marketing a travel insurance policy with illusory

7

post-departure coverage, could plausibly be a matter of great concern to the people of the State of Nebraska.

Also instructive is Judge Strom's decision in *Wines, Vines and Corks, LLC v. First Nat. of Nebraska, Inc.*, 8:14-CV-82, 2014 WL 12665802 (D. Neb. Aug. 20, 2014). There, the class representative plaintiff was a Kentucky business that alleged the defendant's data security breach caused the direct withdrawal of fees for unauthorized purchases, which according to the plaintiff, was a violation of the Nebraska Consumer Protection Act. *Id.* at 1. Judge Strom concluded that the plaintiff's allegation—that it reasonably believed hundreds if not thousands of entities constituted the class—was sufficient to allege that the defendant's violations affected the public interest. *Id.* at 5. A similar allegation is present in the plaintiff's complaint. The plaintiff alleged that the class of consumers who canceled their insured travel without receiving a premium refund was "reasonably estimated to be at least in the thousands." Filing 1 at 10. This Court agrees with Judge Strom's reasoning. Accordingly, the Court finds that the plaintiff sufficiently alleged the public interest was affected by the defendants' alleged unfair or deceptive acts or practices and will deny the motion to dismiss on this point as well.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 26) is denied.

2. The plaintiff's motion for hearing (filing 35) is denied.

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 1st day of May 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge