IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE ANDERSON, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELEX INSURANCE SERVICES, INC. and TRANSAMERICA CASUALTY INSURANCE COMPANY,<br><br>Defendants. | 8:18-CV-362<br><br><br>MEMORANDUM AND ORDER |

The defendants seek an order dismissing all claims with respect to travel insurance plans that were not the specific kind of plan purchased by the plaintiff. Filing 65. The defendants ground their motion in Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction. In effect, the defendants seek to limit the class of potential similarly situated individuals to only those who had purchased the same plan that the plaintiff purchased. For the reasons that follow, the Court will deny the defendants' motion.

I. STANDARD OF REVIEW

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

A Rule 12(b)(1) motion can be presented as either a "facial" or "factual" challenge. *Osborn*, 918 F.2d at 729 n.6. When reviewing a facial challenge, the court restricts itself to the face of the pleadings, and the nonmovant receives the same protections as it would facing a Rule 12(b)(6) motion. *Id.* When reviewing a factual challenge, the court considers matters outside the pleadings, and the nonmovant does not receive the benefit of Rule 12(b)(6) safeguards. *Id.* Unlike a motion for summary judgment, the court is free to resolve disputed issues of fact, *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). This case presents a factual challenge.

## II. BACKGROUND

The plaintiff's complaint alleges claims for damages and restitution for herself and others similarly situated, concerning the defendants' refusal to return a pro rata share of the premium she paid for travel insurance. Filing 1. The pro rata share the plaintiff seeks is the amount that can be attributed to post-departure coverages, and is owed to the plaintiff because she had to cancel her travel plans. *Id.* As such, according to the plaintiff's complaint, the defendants were never at risk of having to cover any post-departure perils because the plaintiff canceled her travel plans prior to her scheduled departure. *Id.* The defendants initially moved for dismissal of the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Filing 26. This Court denied the defendants' motion, finding that the plaintiff stated a plausible claim for relief on theories of unjust enrichment and violation of the Nebraska Consumer Protection Act. Filing 41.

As this matter has progressed, the parties reached an impasse in discovery. The plaintiff sought discovery regarding all single-trip travel insurance plans the defendants provide through a variety of channels. Filing 76 at 6, 12. The defendants would only produce discovery regarding the specific

2

travel insurance plan purchased by the plaintiff, and refused to respond to the plaintiff's discovery requests regarding the other 200-plus travel protection plans sold through Travelex and underwritten by Transamerica from 2012 through 2018. Filing 76 at 12; filing 66 at 7; filing 67-1 at 4.

On November 20, 2019, the Magistrate Judge held a telephone conference regarding the discovery impasse. Filing 62. The defendants argued that the plaintiff only had standing to litigate her claims with respect to the specific travel insurance plan she purchased, and did not have standing to litigate claims regarding the defendants' other insurance plans. Because Article III standing would be theoretically dispositive regarding a large number of the plaintiff's possible representative claims, the Magistrate Judge ordered the defendants to file a motion regarding standing, which the defendants did. The defendants' Article III standing motion is the matter now before this Court. *Id*.

## III. DISCUSSION

The defendants' argument concerns the Article III standing requirement of actual injury. In this regard, the defendants do not argue that the plaintiff's complaint does not allege an actual injury for herself, but that her alleged actual injury only extends to those products of the kind actually purchased by the plaintiff. Filing 66 at 13. The defendants assert that the travel insurance plan the plaintiff purchased, the Just Air Ticket plan, is "a unique product, customized, priced, and sold exclusively to Just Air Ticket customers." *Id*. at 17. According to the defendants, the Just Air Ticket plan differs substantially from the defendants' other travel insurance plans in a variety of ways, and there is no question that the defendants' other travel insurance plans are distinct products sold to a different class of customers with different features than the Just Air Ticket plan purchased by the plaintiff. *Id*. at 19.

Relying on several Eighth Circuit district court decisions, the defendants argue that a named plaintiff in a class action may not rely on the injuries that the putative class may have suffered, but must allege that they personally have been injured. *Id.* at 15. Thus, according to the defendants, the plaintiff lacks standing to assert claims on behalf of a class consisting of individuals who purchased travel insurance plans that are unique and not substantially similar to the Just Air Ticket plan the plaintiff purchased.

A standing inquiry addresses whether a litigant may invoke the power of a federal court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). For Article III standing, the plaintiff must demonstrate; (1) she has suffered an injury in fact, (2) the injury is fairly traceable to the defendant's conduct, and (3) it is likely that the injury may be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). An injury in fact is an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Id.*

Class action litigation pursuant to Fed. R. Civ. P. 23 carves out an exception to the general rule that one person may not litigate the injuries suffered by others. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). To justify the exception, the representative of the class must be part of the class, have the same interest as those who are in the class, and suffer the same injury as the other class members. *Id.* Class action suits may provide efficiencies of cost, time, and judicial resources by permitting a collective recovery where individual suits and judgments may not be feasible. *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93 (2nd Cir. 2018). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo

action prosecuting his or her rights." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

There is an acknowledged tension in the Supreme Court's case law concerning whether the differences between a named plaintiff's claims and those of putative class members is a matter of Article III standing, or a matter of class certification pursuant to Fed. R. Civ. P. 23(a). *Gratz v. Bollinger*, 539 U.S. 244, 263 (2003). The district court cases the defendants cite in support of their motion all fall on the standing side of this tension. However, a relatively recent Eighth Circuit Court of Appeals decision has come down on the class certification side.

In a dispute concerning a data breach where only one out of sixteen named plaintiffs suffered a fraudulent charge to a credit card, the Court of Appeals concluded that the district court erred in holding that a named plaintiff's standing was dependent on the standing of other named plaintiffs, as well as the standing of unnamed class members. *In re SuperValu, Inc.*, 870 F.3d 763, 773 (8th Cir. 2017). "Where one plaintiff establishes standing to sue, the standing of other plaintiffs is immaterial to jurisdiction." *Id.* (quoting *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006)). "Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court; there is no further, separate 'class action standing' requirement." *Id.* (quoting 2 William B. Rubenstein, Newberg on Class Actions § 2:1 (5th ed. 2012)).

*In re Supervalu* does not specifically address the issue in this case— whether the plaintiff can be a proper class representative for others who purchased travel insurance plans that varied in some manner from the plan purchased by the named plaintiff. Instructive on this point is *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998). There, the plaintiff was

the defendant's employee who had been on permanent disability leave. *Id.* at 411. He sued Nationwide claiming a breach of his medical insurance plan. The plaintiff sought injunctive, declaratory, and other relief for himself and a purported class of beneficiaries and participants in ERISA plans covering employees not affiliated with Nationwide, but whose plans were administered or insured by Nationwide. *Id.* at 412. The district court held that the plaintiff did not have Article III standing to represent participants in benefit plans other than his own. *Id.*

The Sixth Circuit Court of Appeals framed the relevant issue as "whether a potential class representative in an ERISA class action has standing to represent members of a putative class against numerous ERISA-governed benefit plans, even if he is only a member of one of those plans." *Id.* at 413. In reversing the district court, the Court of Appeals identified what it considered to be the fundamental flaw in the district court's analysis. The district court confused the issue of a plaintiff's Article III standing with the relationship between a potential class representative and absent class members—a relationship governed by Fed. R. Civ. P. 23. *Id.* at 422.

"Once his standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedures." *Id.* at 423. The Court of Appeals held that once a potential ERISA class representative establishes individual standing to sue his ERISA-governed plan, there is no additional constitutional standing requirement regarding the suitability to represent a putative class of members of other plans to which the class representative does not belong. *Id.* at 424.

Class actions, by their very nature, involve named plaintiffs litigating injuries that they personally would not have standing to litigate. *Langan*, 897 F.3d at 95. Because named plaintiffs are not required to have individual standing to litigate claims belonging to unnamed class members, it makes no sense to dismiss unnamed class members' claims for lack of standing when there is no requirement that the named plaintiffs have individual standing to litigate those claims. *Id.*

Rule 23 provides plaintiffs the opportunity, albeit under limited circumstances, to bring a suit in federal court on behalf of themselves and others who are similarly injured. *Dukes,* 564 U.S. at 348-49. The named plaintiff has a sufficient stake in the outcome of the putative class members' claims when they all possess the same interest and have suffered the same injury. *Id.* It rarely happens, if ever, that one plaintiff's claim and injury is actually the same as the claim and injury of another putative class member, or for that matter, the claims and injuries of all other class members. *Langan,* 897 F.3d at 94. For this reason, the four requirements in Rule 23(a)—numerosity, commonality, typicality, and adequate representation—ensure that the appropriate representative for the class of claims to be litigated is the named plaintiff, and "effectively limits class claims to those fairly encompassed by the named plaintiff's claims." *Dukes,* 564 U.S. at 349; *see also Penrose v. Buffalo Trace Distillery, Inc.,* 4:17-CV-294, 2018 WL 705054, at *5 (E.D. Mo. Feb. 5, 2018).

Supreme Court case law indicates that there is a point at which a named plaintiff's claim can be so different from the claims of the putative class members that the exception to the general standing requirement for class actions should not apply. *See Blum v. Yaretsky,* 457 U.S. 991 (1982); *Langan,* 897 F.3d at 94. But here, the plaintiff alleged that all of the defendants' single-

trip travel insurance plans (like the one the plaintiff purchased) include at least one benefit covering a peril that can only arise post-departure, but as a matter of standard practice, the defendants do not refund any part of the premium paid for post-departure coverages when the purchaser cancels the scheduled trip (which is what happened to the plaintiff). Filing 1 at 6-7.

The defendants assert that each of their travel insurance plans are unique, but are resisting the plaintiff's discovery requests for documents that could back up (or refute) their assertion. Of the limited number of travel insurance description-of-coverage pamphlets the defendants provided with their motion to dismiss, the Court observes that each plan has the same or substantially similar provision that is also found in the plaintiff's Just Air Ticket plan, that post-departure coverages take effect upon departure or on the scheduled departure date. Filing 67-1 at 8, 18, 27, 37, 48, 59, 73. Also, the defendants' Senior Vice President testified that the post-departure coverage provision is form language that is the same across all travel protection plans, and that the defendants' premium refund policy also did not differ between the various plans. Filing 76-1 at 4, 8-9.

The Court finds that there is an absence of evidence suggesting that the plaintiff's claim and alleged injury is so different from the possible claims and injuries of putative class members, such that the exception to the general standing requirement for class actions should not apply. Accordingly, the Court finds that the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be denied.

The Court's ruling does not address, in any way, whether the plaintiff is an appropriate representative to litigate a class of claims regarding all of the defendants' travel insurance policies. That issue will be addressed when considering class certification. But at this juncture, the plaintiff's standing to

8

sue is not in dispute. Accordingly, the plaintiff is a proper party to raise the issues presented in her complaint, and there is no further class action standing requirement for the plaintiff to meet. *In re SuperValu*, 870 F.3d at 773.

Finally, the parties ask the Court to resolve their discovery dispute. That is a pending matter (or perhaps a matter held in abeyance) before the Magistrate Judge and not currently before this Court for resolution.

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 65) is denied.

2. The plaintiff's motion for hearing (filing 74) is denied.

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 20th day of March, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

9