IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE ANDERSON, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELEX INSURANCE SERVICES, INC. and TRANSAMERICA CASUALTY INSURANCE COMPANY,<br><br>Defendants. | 8:18-CV-362<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (filing 84) issues determined in this Court's Memorandum and Order of March 20, 2020, (filing 82) in which the Court denied the defendants' motion to dismiss all claims that do not involve the specific kind of travel insurance plan purchased by the plaintiff. Filing 39. For the reasons that follow, the Court will deny the defendants' motion to certify.

I. STANDARD OF REVIEW

"Permission to allow interlocutory appeals should be granted sparingly and with discrimination." *Union Cty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008). The movant for certification bears the heavy burden of demonstrating that the case is the exceptional one in which immediate appeal is warranted. *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). It has long been the policy of courts to discourage piece-meal appeals because

such appeals often result in additional and unnecessary burdens on the court and litigants. *Union Cty., Iowa,* 525 F.3d at 646. Permission to allow an interlocutory appeal is intended to be used only in the extraordinary cases, where resolution of the appeal might avoid protracted and expensive litigation. *Id.* Section 1292(b) interlocutory appeals are not intended merely to provide review of difficult rulings in hard cases. *Id.*

Section 1292(b) establishes three criteria for certification: The Court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. *White,* 43 F.3d at 377.

## II. DISCUSSION

The defendants assert and argue that a controlling question of law over which there is substantial ground for difference of opinion is whether the plaintiff has Article III standing to represent absent class members who purchased travel protection policies that were different from the plaintiff's policy. Filing 91 at 8. The Court finds that this question is neither controlling nor one over which there is substantial ground for difference of opinion.

The defendants do not dispute that the plaintiff, individually, has Article III standing to pursue claims of unjust enrichment and violation of the Nebraska Consumer Protection Act. The defendants also do not dispute that the plaintiff may represent absent class members who possess the same interest, and who have suffered the same injury that the plaintiff alleges to have suffered. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011). The defendants seem to assert and argue that those possessing the same interest, and suffering the same injury as the plaintiff, can only be those individuals who purchased the same travel insurance plan as the plaintiff.

At its core, this is a question of fact. Do the other travel insurance plans offered by the defendants give rise to the same interest, and cause the same injury in absent class members as the plan purchased by the plaintiff? Further, this fact question addresses three of the four prerequisites for class certification pursuant to Rule 23(a): (1) Are there questions of law or fact common to the class; (2) Are the claims of the representative party typical of the claims of the class; and (3) Will the representative party fairly and adequately protect the interests of the absent class members? Fed. R. Civ. P. 23(a)(2-4).

The factual context here is different from the facts confronting the Eighth Circuit Court of Appeals when it held, "Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court; there is no further, separate 'class action standing' requirement." *In re SuperValu, Inc.*, 870 F.3d 763, 773 (8th Cir. 2017). But the question of law is the same: Is this plaintiff the proper party to litigate the claims of the absent class members? That question is addressed by Rule 23(a), the prerequisites for class action certification. *Dukes*, 564 U.S. at 349. The defendants' assertion that there is substantial ground for difference of opinion due to conflicting district court decisions is without merit. The Eighth Circuit Court of Appeals has spoken, and what it said was crystal-clear.

Finally, the Court finds that certification of the defendants' issue will not materially advance the ultimate termination of the litigation. The defendants' argument on this point is that if the plaintiff is not limited to representing only absent class members who purchased the same insurance plan as she, the complexity of discovery, class certification proceedings, expert issues, damages issues, dispositive motions, and trial issues will be substantially impacted. Filing 91 at 17. Rather than limiting the class of potential claimants to the two

3

kinds of travel policies purchased by the plaintiff, the plaintiff seeks to involve 219 other travel insurance policies, and instead of 27,120 purchasers of the plaintiff's travel plan, there may be as many as 5.7 million purchasers of the defendants' other travel insurance policies to consider. *Id.*

First, the Court doubts that everyone who purchased one of the defendants' travel insurance policies canceled their travel plans and then were denied reimbursement of the premium paid for post-departure coverages. In this regard, the defendants are exaggerating the scope of their alleged problem. Further, the Court fails to see how the complexity of the litigation, and the defendants' discovery burden, would be less by having to individually defend class action suits regarding each of their 221 specific travel insurance policies, as opposed to one class action suit potentially involving all 221 of the defendants' travel insurance policies. Class action suits may provide efficiencies of cost, time, and judicial resources by permitting a collective recovery where individual suits and judgments may not be feasible. *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93 (2nd Cir. 2018).

The defendants' concerns regarding discovery and class certification could be addressed if the parties were to meet, confer, and cooperate. Also, absent the parties' cooperation, the Magistrate Judge is fully capable of structuring a discovery order that could mitigate the defendants' concerns. Finally, the Court observes that an immediate appeal is not warranted and would not materially advance this litigation when the defendant would have the opportunity to appeal their standing issue upon class certification pursuant to Fed. R. Civ. P. 23(f).

### III. CONCLUSION

The defendants have not identified a controlling question of law in the Court's Memorandum and Order of March 20, 2020, (filing 82), as to which

there is a substantial ground for difference of opinion, such that an immediate appeal from this Court's order may materially advance the ultimate termination of the litigation.

    IT IS ORDERED that the defendants' motion to certify issues for interlocutory appeal (filing 84) is denied.

    Dated this 3rd day of June, 2020.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge