IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE ANDERSON, an individual, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>TRAVELEX INSURANCE SERVICES INC. and TRANSAMERICA CASUALTY INSURANCE COMPANY,<br><br>      Defendants. | Case No. 8:18-cv-00362-JMG-SMB<br><br>**STIPULATION AND CONSENT ORDER REGARDING CONFIDENTIAL MEDIATION MATERIALS** |

  This matter is before the Court on the parties' stipulation regarding mediation materials. (Filing No. 94.)  Upon review, the stipulation is adopted and approved.

  Accordingly,  the parties have agreed as follows:

  WHEREAS, Plaintiff Michelle Anderson ("Plaintiff") and Defendants Travelex Insurance Services, Inc. and Transamerica Casualty Insurance Company ("Defendants") (collectively, the "Parties") have agreed to mediate this case with a neutral mediator, Rodney A. Max ("Mediator") of Upchurch Watson White & Max, on November 11, 2020 (the "Mediation"); and

  WHEREAS, the Parties anticipate producing certain documents and information, which may include mediation statements and preliminary expert damages reports (collectively, "Confidential Mediation Material"), on a confidential basis for the purposes of mediation and settlement negotiation only, and subject to the protections of Federal Rule of Evidence 408; and

  WHEREAS, the Parties have entered into this stipulation ("Stipulation") to govern the production of such Confidential Mediation Material,

  THEREFORE, the Parties hereby stipulate and agree as follows:

1. Any Party may produce documents or information to be designated as Confidential Mediation Material for protection by this Stipulation. A party may designate such material as Confidential Mediation Material by labeling the documents or information as "CONFIDENTIAL MEDIATION MATERIAL," "CONFIDENTIAL – FOR MEDIATION PURPOSES ONLY" or other similar label or by indicating that such documents or information are Confidential Mediation Material when transmitting such documents or information. Confidential material that was previously produced for the express purpose of mediation only may also be designated as set forth above, and thereby be made subject to this Stipulation.

2. Discussions, disclosures, and other non-documentary information exchanged or expressed during the mediation, to the extent such information has not been publicly disclosed, shall also be considered Confidential Mediation Material.

3. Any Confidential Mediation Material shall not be used for any purpose other than this Mediation. Confidential Mediation Material may not be used in any way in the litigation of this matter, including in discovery, in motion practice, in depositions, or at trial.

4. All documents, including ESI and other written information, designated as Confidential Mediation Material shall be destroyed by the Party that received the material within two days of the conclusion of the Mediation. Notwithstanding the foregoing, if the Parties by mutual agreement agree to continue negotiating after the Mediation, the Parties may retain Confidential Mediation Material during the period while negotiations are continuing. At any point during any post-Mediation negotiations, however, the Party that produced the Confidential Mediation Material may request that the material be destroyed and the Party that received the material must then comply within two days. The Parties' duty to destroy Confidential Mediation Material set forth herein shall include any documents created by anyone (including attorneys) summarizing, analyzing, commenting, or referencing the Confidential Mediation Material.

3

5. Production of Confidential Mediation Material shall not constitute a waiver of attorney work product protection or any other applicable protection or privilege, and shall be subject to Federal Rule of Evidence 408.

6. The Confidential Mediation Material shall not be shared with anyone other than the Parties, their counsel, their retained experts, and the Mediator.

7. The foregoing represents a stipulation of the Parties that is effective upon execution of the Parties and remains effective notwithstanding if and when the Court may enter an Order approving this stipulation.

**IT IS SO ORDERED**.

Dated November 9, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge