IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE ANDERSON, a individual, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>TRAVELEX INSURANCE SERVICES INC. and TRANSAMERICA CASUALTY INSURANCE COMPANY,<br><br>      Defendants. | 8:18-CV-362<br><br>MEMORANDUM AND ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE |

  This matter is before the Court on the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (filing 108), asking the Court for an order pursuant to Fed. R. Civ. P. 23(b) and (e) that certifies the settlement class, preliminarily approves a settlement, and approves forms and a program for class notice. The Court will grant the motion.

  Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Those requirements are met in this case.

  The numerosity requirement is met because 105,284 potential class members have been identified. Filing 108-1 at 7. Commonality is satisfied because the legal and factual issues surrounding the defendants' course of

conduct arise out of the same alleged wrongdoing: the retention of premiums for risks that never attached. *See* filing 108-1 at 5-6; *see also* filing 41. Typicality is present for the same reason: typicality means that there are other members of the class who have the same or similar grievances as the plaintiff. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562 (8th Cir. 1982). And adequacy of representation is present because there's no conflict of interest between the named plaintiff and the class she seeks to represent—she possesses the same interest and injury as the class members. *See Amchem*, 521 U.S. at 625-26.

If the requirements of Rule 23(a) have been met, a class action may be maintained in the circumstances defined by Rule 23(b)(1), (2), or (3). Here, certification under Rule 23(b)(3) is appropriate, because "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id*.

The predominance inquiry is satisfied because the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The class members purchased travel plans containing coverage for the same unrealized risk. Predominance is "a test readily met" in consumer protection cases, *see id.* at 625, and this is such a case. A class action will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id*. at 615 (cleaned up).

Finally, the proposed form and manner of notice satisfies Rule 23(e)(1)(B) and the Court, having reviewed the proposed settlement, filing 108-2 at 2-37, finds it likely that the proposal can be approved under Rule 23(e)(2).

IT IS ORDERED:

1. The Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (filing 108) is granted.

2. The agreements, terms, and conditions of the proposed settlement, filing 108-2 at 2-37, are preliminarily approved pending a fairness hearing.

3. For settlement purposes only, this action may be maintained as a class action on behalf of all persons in the United States who have been identified by the defendants as insured under a Travel Plan purchased from January 1, 2014 to December 31, 2017, and for whom a claim for trip cancellation benefits was initiated under the Travel Plan. Excluded from the settlement class are:

    (a) all persons who previously received a refund of premium from the defendants for any Travel Plan at issue in the litigation;
    (b) all persons who previously entered into a written agreement with the defendants releasing all claims related to a Travel Plan at issue in the litigation;
    (c) all insureds for whom no premium was charged under a Travel Plan; and
    (d) all persons who from January 1, 2014 to December 31, 2017 were officers, directors, or employees of either defendant.

4. Michelle Anderson is designated as the class representative for the settlement class.

5. Shanon J. Carson, Peter R. Kahana, Lane L. Vines, Y. Michael Twersky, and John G. Albanese of Berger Montague PC are appointed as settlement class counsel.

6. Angeion Group is appointed to serve as settlement administrator.

7. Having reviewed the proposed notices of class action settlement, filing 108-2 at 39-53, the Court approves the notices and directs that the defendants cause the notices to be sent on or before July 16, 2021, pursuant to the notice plan set forth in the settlement agreement, filing 108-2 at 17-19.

8. Members of the settlement class who wish to exclude themselves from the class must submit a written request for exclusion postmarked on or before September 14, 2021. The request for exclusion must be made to the settlement administrator in accordance with the instructions set forth in the notice. Any request for exclusion must:

   (a) include the full name and address of the class member seeking exclusion,
   (b) bear the individual signature of the class member seeking exclusion, and
   (c) clearly state that the person desires to be excluded from the settlement class.

9. No one may request exclusion from the settlement class on behalf of any other class members, except that a legal representative or guardian may submit a request for exclusion on behalf of a deceased, incapacitated, or minor class member. Each class member seeking to exclude themselves from the settlement, regardless of whether they were covered under the same Travel Plan as another class member, must submit an individually signed request for exclusion in order to be excluded from the settlement class. Requests for exclusion cannot be made on a group or class basis and any attempt to opt out a group or class of individuals shall be null and void.

10. Class members who do not submit timely and valid requests for exclusion will be bound by all subsequent proceedings, orders, and the judgment in this litigation should the proposed settlement receive final approval.

11. Any class member who does not request exclusion may submit a written objection, postmarked on or before <u>September 14, 2021</u>, to the Court and the settlement administrator. The objection shall state in detail the specific reasons for the objection and the aspects of the proposed settlement being challenged, as well as whether the objection applies only to the objector, to a specific subset of the class, or to the entire class. Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

12. Any objection shall clearly identify the case name and number, and contain:

    (a) the objector's printed name, address, telephone number, and email address;
    (b) evidence showing that the objector is in fact a settlement class member;
    (c) any other supporting papers, materials, or briefs that the objector wishes the court to consider when reviewing the objection;
    (d) the actual written signature of the settlement class member making the objection; and
    (e) a statement whether the objector and/or his or her counsel intend to appear at the fairness hearing.

    If the objector or counsel wish to speak at the fairness hearing, their written notice of intent must identify by name those who intend to appear, including any witnesses and a summary of any expected witness testimony.

13. Any such objection, brief, notice of intent, or other related document must be submitted to the settlement administrator at the address set forth in the notice of settlement, and filed with the Court at the following address:

    > United States District Court for the District of Nebraska
    > Robert V. Denney Federal Building, Room 586
    > 100 Centennial Mall North
    > Lincoln, NE 68508

14. Unless otherwise directed by the Court, any class member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection and any right to appear at the fairness hearing.

15. Any objector who files and serves a valid and timely written objection as described above, stating an intent to appear at the fairness hearing, may appear either in person or through separate counsel hired at the objector's expense to object to any aspect of the proposed settlement on the basis set forth in his or her objection.

16. The fairness hearing shall be held on <u>September 22, 2021, at 10:00 a.m.</u> before the undersigned in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. The time and date of the fairness hearing will be included in each notice of settlement. The purpose of the fairness hearing will be to:

    (a) determine whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved;
    (b) determine whether an order and judgment should be entered dismissing the claims of the class members and bringing the litigation of those claims to a conclusion; and
    (c) consider other settlement-related matters, including appropriate attorney's fees.

    The Court may adjourn, continue, and reconvene the fairness hearing by oral announcement without further notice to the class members, and the Court may consider and grant final approval of

the proposed settlement, with or without minor modification, and without further notice to class members.

17. A settlement class member who requests exclusion or objects can withdraw their request for exclusion or objection prior to the fairness hearing by submitting a signed written request or email containing an electronic signature to the settlement administrator stating their desire to withdraw their request for exclusion or objection.

18. On or before June 25, 2021, the defendants shall serve all notices required by the Class Action Fairness Act, 28 U.S.C. 1715(d), and shall promptly file a declaration with the Court certifying that such notices were served.

19. During the Court's consideration of the proposed settlement and pending further order of the Court, all proceedings in this action, other than proceedings necessary to carry out the terms and provisions of the proposed settlement, or as otherwise directed by the Court, are stayed and suspended.

20. Until the Court holds the fairness hearing and determines the matters set forth in this order, and through the effective date of the settlement agreement, all settlement class members except those who have requested exclusion shall be barred from asserting any claims for which a release will be given if the Court approves the proposed settlement.

21. On or before <u>September 1, 2021</u>, settlement class counsel shall file a motion for final approval of the settlement agreement, along with an affidavit from a representative of the settlement administrator confirming that notice has been accomplished in accordance with the provisions above.

22. Settlement class counsel shall file their application for an award of costs, litigation expenses, and reasonable attorney's fees on or before <u>September 8, 2021</u>, for consideration at the fairness hearing. Any reply in further support of the settlement agreement, attorneys' fees and expenses, or in response to any written objection, shall be filed on or before <u>September 15, 2021</u>.

Dated this 16th day of June, 2021.

                                        BY THE COURT:

                                        */s/ John M. Gerrard*
                                        John M. Gerrard
                                        Chief United States District Judge